UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JESSE LEE ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>STEVIE J PACTOR, CHAD BLACKWELDER,<br><br>Defendants. | CAUSE NO. 3:26-CV-3-GSL-JEM |

OPINION AND ORDER

Jesse Lee Rogers, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rogers is suing two defendants: Stevie J. Pactor and Chad Blackwelder. Stevie J. Pactor is an attorney with the American Civil Liberties Union ("ACLU") of Indiana. Chad Blackwelder is a Senior Litigation Support Specialist with the ACLU of Indiana. Rogers sent the ACLU of Indiana documents or other evidence. Rogers asserts that the evidence will be destroyed. He wants the evidence to be returned to him.

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted). Neither Attorney Pactor nor Chad Blackwelder were acting under color of state law when they interacted with Rogers regarding his complaints and possible representation. Furthermore, their actions did not deprive Rogers of any federal constitutional right. Rogers' complaint likewise does not suggest any viable state law claim against Attorney Pactor or Chad Blackwelder.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on January 15, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT